# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### January 23, 2001 Session

## STATE OF TENNESSEE v. THOMAS J. FAULKNER, JR.

### Appeal from the Circuit Court for Grainger County
### No. 3266    Rex Henry Ogle, Judge

---

### No. E2000-00309-CCA-R3-CD
### April 17, 2001

---

JOSEPH M. TIPTON, J., concurring.

I concur in the results and most of the reasoning in the majority opinion. However, I respectfully disagree with the view indicated in section VII of the majority opinion that the law is split regarding the need for supplemental post-trial instructions to be submitted in writing pursuant to Rule 30(c), Tenn. R. Crim. P. I believe that the Rule and binding precedent require such to be in writing.

In State v. Crocker, 697 S.W.2d 362 (Tenn. Crim. App. 1985), during deliberations, the jury asked a question regarding an issue and the trial court, with agreement from counsel, orally responded. In considering the defendant's complaint about the supplemental instruction, this court stated:

> It is elementary that every word of the judge's instructions to the jury should be in writing and read to the jury. Tenn. R. Crim. P. 30(c).

> Clearly, the trial court's oral comments to the jury and its failure to personally read and deliver to the jury the supplemental charge were highly irregular and improper.

Id. at 365.

In the present case, the majority opinion refers to an unpublished case to indicate that there is a difference of opinion in this state, citing State v. Tywan Faulk, No. M1999-01124-CCA-R3-CD, Montgomery County (Tenn. Crim. App. Aug. 31, 2000), app. dismissed (Tenn. Dec. 4, 2000). I note, though, that the state acknowledged at oral argument that published cases in Tennessee hold that written instructions are required. I would go further in the analysis. In Faulk, this court based its conclusion that supplemental instructions may be oral wholly upon State v. Kenneth Patterson (Pat) Bondurant and Hugh Peter (Pete) Bondurant, No. 01C01-9501-CC-00023, Giles County (Tenn. Crim. App. May 24, 1996), app. denied (Tenn. Nov. 12, 1996) (concurring in results only).

However, aside from the fact that our supreme court concurred in results only, the <u>Faulk</u> opinion actually relies upon the minority opinion in <u>Bondurant</u>.  Thus, it relies on a case that holds directly contra to the conclusion reached in <u>Faulk</u>.  <u>Faulk</u> does not reflect the controlling law in this state.

As the majority opinion in the present case states, we need not decide which is the correct position on this issue.  From my perspective, though, this is because the correct position is set by binding precedent regarding Rule 30(a), which constitutes settled law on the issue.

 

_____
JOSEPH M. TIPTON, JUDGE